**Ralph Terry COLEMAN, Petitioner— Appellant,**

v.

**Cheryl PLILER, Respondent—Appellee.**

No. 03–15164.

D.C. No. CV–96–00782–MCE.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Decided Dec. 24, 2003.

Allison Claire, FPDCA–Federal Public, Defender's Office (Sacramento), Sacramento, CA, for Petitioner–Appellant.

Janine Busch, AGCA–Office of the California, Attorney General (SAC), Sacramento, CA, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, D.W. NELSON, and RYMER, Circuit Judges.

MEMORANDUM *

Ralph Terry Coleman appeals from the district court's denial of his 28 U.S.C. § 2254 petition challenging his 1986 conviction of two counts of first degree murder, one count of second degree murder, and one count of assault with intent to commit murder. The district court adopted the comprehensive findings and recommendations of the magistrate judge and we affirm.

Coleman's trial counsel was not ineffective by reason of any failure to investigate, prepare, or present a Post Traumatic Stress Disorder ("PTSD") defense. None of the numerous expert medical opinions available at the time indicated that the defendant suffered from PTSD. At most, the record reflects that a prison medical officer made a notation that Coleman exhibited symptoms that were consistent with PTSD. The magistrate judge conducted an evidentiary hearing and concluded that Coleman was mistaken in his assertion that he had provided adequate information to his counsel to mount a PTSD defense. The record supports the opinion of the magistrate judge.

Coleman's counsel did present a defense based upon a mental disorder, and the jury had before it evidence that Coleman had served in Vietnam. Counsel did not fall below any objectively reasonable standard

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of performance within the meaning of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Coleman also contends that his request for a new jury should have been granted at the sanity phase of the trial because the jury committed misconduct in violating the trial court's admonition against reading about the case in the press. Coleman did not meet his burden of establishing that the articles had a "substantial and injurious effect or influence" on the verdict. *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). The trial court conducted voir dire of the jury and gave a curative instruction. Moreover, material information reprinted in the media was already before the jury. Thus the trial judge denied the claim of juror bias after a full inquiry into any factual basis for it. A trial judge's findings on questions regarding juror bias are entitled to a presumption of correctness. *Jeffries v. Blodgett,* 5 F.3d 1180, 1189 (9th Cir.1993). The district court properly denied the claim that the jury's decision was tainted by misconduct and a failure of the trial court to take proper remedial steps. There was no showing that the extrinsic evidence had any substantial or injurious effect on the jury's verdict in light of all the circumstances, including the remedial measures taken by the trial court.

AFFIRMED.